# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-905V
Filed: June 21, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SHABNAM RANJBAR, | * |
| | * |
| Petitioner, | *  Motion to Redact Decision Based on |
| | *  Proffer; Influenza; |
| | *  Shoulder Injury ("SIRVA"); |
| SECRETARY OF HEALTH | *  Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Nancy Routh Meyers, Ward Black Law, P.A., Greensboro, NC*, for petitioner.
*Douglas Ross, U.S. Department of Justice, Washington, DC*, for respondent.

## ORDER ON PETITIONER'S MOTION TO REDACT[1]

**Dorsey**, Chief Special Master:

On August 20, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury as a result of her October 1, 2012 influenza vaccination. On May 12, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 28).

Petitioner now moves to redact the decision awarding damages. (ECF No. 32.) Specifically, petitioner seeks "to redact her full name to initials prior to Chief Special Master Dorsey's posting of the unpublished decision dated May 12, 2016, on the United States Court of Federal Claims' website." (*Id.*)

In a response filed on June 5, 2016, respondent provided a recitation of relevant case law, but ultimately concluded that "[r]espondent defers to the sound discretion of the Chief Special Master to determine what remedy strikes the appropriate balance between the public and private interests in this instance." (ECF No. 33, p. 5.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Respondent further stated that "Respondent does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information in any particular case, including this one, but rather defers to the Chief Special Master's judgment as to whether petitioner's Motion should be granted. . . " (*Id.*)

Section12(d)(4)(B) of the Vaccine Act, in relevant part, provides that:

A decision of a [S]pecial [M]aster or the court in a proceeding shall be disclosed, except that if the decision is to include information:
>i. which is trade secret or commercial or financial information which is privileged and confidential, or
>ii. which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 12(d)(4)(B); *See also* Vaccine Rule 18(b).

In several cases, special masters have declined to redact information, other than changing the name of a minor child to initials. *E.g.*, *Langland v. HHS*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), affirmed on this point at 109 Fed. Cl. 421, fn. 1 (2013); *Castagna v. HHS*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec Mstr. Aug 25, 2011); *House v. HHS*, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012); *Anderson v. HHS*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014). However, in *W.C. v. HHS*, 100 Fed. Cl. 440 (Fed. Cl. 2011), the court held that disclosure of a petitioner's name in a decision is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements. In *W.C.*, the court concluded that while disclosure of information linking petitioner to his injury does not necessarily constitute an "*unwarranted* invasion of privacy," "where '[t]here is no relevant public purpose to be weighed against [a] threated invasion[,] . . . *any* invasion of privacy threated by disclosure . . . is 'clearly unwarranted.'" *W.C.*, 100 Fed. Cl. at 461 (emphasis original) (quoting *Federal Labor Relations Auth. V. United States Dept. of Veterans Affairs*, 958 F.2d 503, 513 (2nd Cir. 1992).).

The undersigned agrees with the rationale expressed in *W.C*. **Petitioner's motion is therefore GRANTED.** The public version of the decision awarding damages in this case shall be redacted to petitioner's initials, "S.R."

**IT IS SO ORDERED**.

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
